PETER TURNEY, Adm'r v. W. F. CARTER.

EXECUTION. *Property levied upon, but not taken into possession by the officer Liability of when it perishes. Sheriff.* Where a Sheriff or his deputy levies an attachment upon a horse, but fails to take possession, and leaves it in charge of a person, with the understanding that he will call soon and take a delivery bond, the officer will not be liable in damages for the sudden death of the horse, not caused by ill treatment.

---

FROM WHITE.

---

Appeal from the Circuit Court. S. M. FITE, Judge.

COLMS & E. E. DEFREES for Turney.

W. M. SIMPSON for Carter.

DEADERICK, J., delivered the opinion of the Court.

Judgment in the Circuit Court of White County, was in favor of Carter, and Turney has appealed in error to this Court. Turney issued an attachment against J. P. and Richard Bradley, which came into the hands of O'Connor, deputy of defendant, who was Sheriff of said County.

The attachment was levied same day issued, upon a gray horse, worth $100 to $125, in the possession of Richard, but belonging to J. P. Bradley. After the levy, O'Connor agreed to leave the horse in pos-

session of Richard Bradley, with the understanding that he could call on Bradley soon, and take a bond for the delivery of the horse. Before the Deputy Sheriff called for the bond, and within ten days or two weeks from the time of the levy, the horse sickened suddenly and died.

This action was brought to recover damages against the Sheriff, for failure of his deputy to take the horse into his possession at the time of the levy of the attachment.

If by reason of the failure to take the property into his possession, it is lost or destroyed, the officer would be responsible, for his own negligence, or the negligence of his agent or bailee, for the loss. But, it has been several times held by this Court that the failure of the officer to take into his possession property levied upon by execution, was not such negligence as of itself to make the officer liable for its value. But that he might employ an agent 'to take care of it, or even leave it in charge of the debtor, without invalidating the levy, or incurring personal responsibility, if he acted in good faith.

It appears that the horse was properly taken care of, and that his death resulted from sudden sickness, and not from want of proper care and attention. The horse was attached as the property of J. P. Bradley, and was left in the care of Richard Bradley, a co-defendant in the attachment suit.

The Court charged the jury that the officer, if no bond was tendered, might leave the horse in the hands

of an agent to take care of for him, and that he might lawfully place him in the hands of Richard Bradley, if he was a prudent, safe man, although· he was a defendant in the suit, if the horse was levied on as the property of a co-defendant. His Honor refused to charge as requested, that if after the levy, the officer put the horse back in the possession of Richard Bradley, he would be responsible to plaintiff for the value of the horse. There was no error in the charge as given, nor in the refusal to give the charge requested. Let the judgment be affirmed.